THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 v.
 Jimmy C.
 Pollard, Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge
Unpublished Opinion No. 2009-UP-199
Heard February 18, 2009  Filed May 15,
 2009    
AFFIRMED

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia, and Solicitor
 Robert M Ariail, of Greenville, for Appellant.
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  The State appeals the circuit court's
 order suppressing drugs seized from Jimmy Pollard's hotel room.  The State
 argues the circuit court erred by suppressing the drugs because Officer
 Widmer's knock on Pollard's door did not violate the Fourth Amendment, and Pollard
 consented to the search.  We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following authorities:  State
 v. Butler, 353 S.C. 383, 388, 577
 S.E.2d 498, 500 (Ct. App. 2003) (noting in criminal cases, the appellate
 court sits to review errors of law only);  State v. Bowman, 366 S.C.
 485, 501, 623 S.E.2d 378, 386 (2005) (determining an appellate court's
 review in Fourth Amendment search and seizure cases is limited to determining
 whether any evidence supports the trial court's finding); State v. Abdullah,
 357 S.C. 344, 349, 592 S.E.2d 344, 347 (Ct. App. 2004) ("On appeal from a
 suppression hearing, this court is bound by the circuit court's factual
 findings if any evidence supports the findings."); Gowdy v. Gibson, 381 S.C. 225, 233, 672 S.E.2d 794, 798
 (Ct. App. 2008) (stating the court of appeals generally defers to trial judge's
 findings regarding witness credibility); State v. Tutton, 354 S.C. 319, 325-26,
 580 S.E.2d 186, 190 (Ct. App. 2003) ("The determination of a witness's
 credibility must be left to the trial judge who saw and heard the witness and
 is therefore in a better position to evaluate his or her veracity."); State
 v. Kirton, 381 S.C. 7, 23, 671 S.E.2d 107, 114 (Ct. App. 2008) ("The
 admission or exclusion of evidence is left to the sound discretion of the trial
 judge, whose decision will not be reversed on appeal absent an abuse of
 discretion.").
AFFIRMED.
HEARN, C.J., SHORT and KONDUROS, JJ., concur.